UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMRUL HASAN (A-Number: 241-304-374),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-1692-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On December 3, 2024, petitioner Kamrul Hasan, a citizen of Bangladesh, entered the United States without permission and was detained by Border Patrol. Petitioner has been held in custody since then. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, on the basis that his detention without a bond hearing violates the Fifth Amendment. For the reasons outlined below, I recommend that the petition for writ of habeas corpus be granted, that respondent's motion to dismiss be denied, and that petitioner be immediately released.

**Background**

Petitioner, a citizen of Bangladesh, was a member of the Bangladesh Liberal Democratic Party, an opposition party. ECF No. 1 at 7. After being threatened by the government for his political beliefs, petitioner left Bangladesh and sought asylum and other humanitarian protections in the United States. *Id.* Petitioner entered the United States without inspection on December 3,

2024. ECF No. 6-1 at 2. He was detained the same day and processed for expedited removal under 8 U.S.C. § 1226(b)(1). *Id.* On January 21, 2025, an immigration officer found that petitioner expressed a credible fear of return to Bangladesh. *Id.* Authorities issued him a notice to appear which noted that "an asylum officer has found that [petitioner] has demonstrated a credible fear of persecution or torture." ECF No. 6-3 at 1. ICE placed him in removal proceedings that were scheduled to begin on February 3, 2025. *Id.* These proceedings appear to remain pending.[1]

Petitioner has remained in custody since his detention in December 2024. ECF No. 1 at 7. Petitioner has never been given a bond hearing in immigration court. *Id.*

**Procedural History**

Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO") on March 2, 2026, in pro se.[2] ECF Nos. 1 & 2. The court appointed counsel and ordered respondent to file a response to the TRO. ECF No. 5. Respondent filed a motion to dismiss the petition and an opposition to the TRO on March 6, 2026. ECF No. 6. Petitioner, through counsel, filed a reply on March 17, 2026. On August 18, 2026, the court referred the matter to the undersigned. ECF No. 17.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

---

[1] The EOIR automated case information system does not show case information for petitioner. Respondent's most recent filing indicates that removal proceedings were pending on March 6, 2026, but did not provide information about the next scheduled date or status of those proceedings. ECF No. 6-1 at 2.

[2] Since I am recommending that the petition for writ of habeas corpus be granted, I will recommend that the motion for TRO and motion to dismiss be denied as moot. I will also deny the motion to expedite in light of this order.

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention absent a bond hearing violates his Fifth Amendment Due Process rights. ECF No. 1 at 23. Respondent argues that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 2. Respondent does not respond to petitioner's due process argument except to argue generally that he does not "possession a right to freedom from immigration detention in any form other than the form provided by Congress." *Id.* at 2-3.

At present, there is no binding authority that squarely addresses petitioner's due process claim. In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention in a different context—under 8 U.S.C. § 1231(a)(6)—and held:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence.

533 U.S. at 701 (internal quotation marks and citation omitted).

However, in *Demore v. Kim*, the Supreme Court rejected a due process challenge to section 1226(c)—which, like section 1225(b), mandates detention—and distinguished *Zadvydas* because, unlike indefinite detention pending removal under section 1231(a)(6), mandatory detention under section 1226(c) has a "definite termination point," i.e., the conclusion of removal proceedings. 538 U.S. 510, 529 (2003). The Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id*. at 531.

After *Demore*, the Court of Appeals held that detention under sections 1225(b), 1226(a), and 1226(c) has an implicit six-month limit, at which time the government must justify continued

detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). But the Supreme Court reversed, finding that none of the statutory provisions can reasonably be read to limit detention to six months. *Jennings*, 583 U.S. at 297-306. As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018).

"In the wake of *Jennings*, district courts have grappled with how to address due process challenges to prolonged mandatory detention under § 1225(b)." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). Nonetheless, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Id*. (collecting cases) (internal quotation marks omitted).

Accordingly, I will evaluate petitioner's twenty-month-long detention without bond hearing under the Due Process Clause, which protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to [the Fifth Amendment's] constitutional protection."); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025). "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." *Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP (HC), 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing *Zadvydas*, 533 U.S. at 690).

"Courts in this circuit and beyond have grappled over what test should be used to determine whether procedural due process requires relief for a noncitizen held pursuant to

§ 1225(b)."[3] *Salamakhin v. Noem*, No. CV-26-00330, 2026 WL 1250296, at *5 (D. Ariz. May 6, 2026). The three main tests are: (1) the general due process assessment under *Mathews*, 424 U.S. 319; (2) the six-factor test announced in *Banda*, 385 F. Supp. 3d at 1118; and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[4]

"While the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case."[5] *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention

---

[3] *See, e.g.*, *Doe v. Andrews*, 1:25-cv-0333-JLT-HBK, 2026 WL 797694, at *9-11 (E.D. Cal. Mar. 23, 2026) (applying the 3-factor *Lopez* test, deeming it a "truncated" version of the *Banda* test) (citing *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022)); *Akmal v. Warden of Cal. City Det.*, No. 1:25-cv-1921-DC-DMC, 2026 WL 657606 (E.D. Cal. Mar. 9, 2026), *report and recommendation adopted*, 2026 WL 825750 (E.D. Cal. Mar. 25, 2026) (applying *Lopez*); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0098-SAB, 2025 WL 2099343, at *6 n.6 (E.D. Cal. July 25, 2025) (applying the *Lopez* test where both parties only addressed the *Mathews* test in their briefing); *Galkin v. Scott*, No. 2:26-cv-0530-TLF, 2026 WL 632663, at *2-5 (W.D. Wash. Mar. 6, 2026) (applying the 6-part *Banda* test) (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)); *Leonteva v. Noem*, No. 4:26-cv-0043-SEB-KMB, 2026 WL 851289, at *2-4 (S.D. Ind. Mar. 27, 2026) (applying the same 6-factor test, but calling it the *Jamal A.* test) (citing *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)); *L.S. v. Warden, Otay Mesa Det. Ctr.*, No. 25-cv-3598-LL-BJW, 2026 WL 143150, at *4-5 (S.D. Cal. Jan. 20, 2026) (applying the 3-part *Mathews v. Eldridge* test) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Mkrtich v. Warden, California City Corr. Ctr.*, No. 1:26-cv-4042-DAD-JDP, 2026 WL 2098314 (E.D. Cal. July 21, 2026) (applying *Mathews*).

[4] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A.*, 358 F. Supp. 3d at 858-59).

[5] If I analyzed petitioner's claim under *Mathews*, I still would conclude that petitioner is entitled to relief because: (1) he has a significant private interest that is affected by detention; (2) the risk of an erroneous deprivation is high without a bond hearing; and (3) the government's interest in withholding a bond hearing is relatively low. *See* 424 U.S. at 335. I note that immigration officials checked petitioner's criminal history at the time of apprehension and found nothing. *See* ECF No. 6-2 at 2.

and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Moreover, "[t]hough *Lopez* concerned a due process challenge to mandatory detention under § 1226(c), the factors enumerated there are, in essence, a truncated version of the factors enumerated in *Banda*, which concerned mandatory detention under § 1225(b)(1)." *Doe v. Andrews*, No. 1:25-cv-0333-JLT-HBK, 2026 WL 797694, at *10 (E.D. Cal. Mar. 23, 2026). I have previously used the *Lopez* test to determine whether due process requires a bond hearing for a noncitizen detained under section 1225(b) and will continue to do so. *Hasan M.D. v. Warden of the Cal. City Det. Ctr.*, No. 2:26-cv-0282-DJC-JDP, 2026 WL 972658, at *1 (April 10, 2026), *report and recommendation adopted*, 2026 WL 1051852 (E.D. Cal. Apr. 17, 2026).

I consider each factor in turn.

**I. Total Length of Detention**

The first factor is the length of detention, "which is the most important factor." *Banda*, 385 F. Supp. 3d at 1118. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Id.* (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

Petitioner has been detained over twenty months, which is a significant period of time, weighing strongly in favor of relief. *See Muzahir v. Chestnut*, No. 1:26-cv-2246-DJC-CSK, 2026 WL 1949010, at *3 (E.D. Cal. July 6, 2026) (nineteen months); *KC v. Chestnut*, No. 1:26-cv-3159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (eighteen months). Even substantially shorter periods of detention have weighed strongly in favor of relief. *See Ramon v. Blanche*, No. 26-cv-2849-CFE, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (seven months); *Haidari v. ICE.*, No. 2:26-cv-0039-TL, 2026 WL 764689, at *3 (W.D. Wash. Mar. 18, 2026) (six months); *Amando v. DOJ*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (seven months); *Gurung v. Larose*, No. 26-cv-0920-LL-MSB, 2026 WL 776841, at *4 (S.D. Cal. Mar. 19, 2026) (eight months).

As petitioner has been detained for over twenty months without a bond hearing, this factor weighs strongly in his favor.

**II. Likely Duration of Future Detention**

Second, the court must determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Petitioner was found credible by immigration authorities and applied for asylum based upon the threats he received from members of the Bangladeshi government. *See* ECF No. 1 at 7; ECF No. 6-1 at 2. Petitioner alleges, in his petition filed March 2, 2026, that he had already been "detained for fourteen months while awaiting his merits hearing." ECF No. 1 at 7. At that time, his individual hearing was scheduled for March 30, 2026. *Id.* In its response, the government does not set forth any anticipated immigration court dates or the status of the removal case. *See* ECF No. 6. Rather, the government attached a deportation officer's declaration attesting that the proceedings "remain[ed] pending" as of March 5, 2026. ECF No. 6-1 at 2. As noted, the EOIR automated case information website provides no information about petitioner's case.

Petitioner argues that his removal proceedings are likely to require a significant period of future detention, unless he is granted asylum by the immigration court and DHS does not appeal that decision, in which case he would be released from custody. *See* ECF No. 13 at 10. If petitioner is granted asylum and DHS appeals that decision to the BIA, an appeal may take a prolonged period of time. *See Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently

lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-1807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the IJ's decision to the BIA).

"Courts have found that pending administrative and possible Ninth Circuit appeals can be 'sufficiently lengthy' such that it favors Petitioner's ability to be heard." *Kaur v. Lyons*, No. 26-cv-0217-PHX-KML, 2026 WL 967846, at *5 (D. Ariz. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 963792 (D. Ariz. Apr. 9, 2026); *see also Abdul-Samed*, 2025 WL 2099343, at *7 (citing *German Santos v. Warden*, 965 F.3d 203, 211 (3d Cir. 2020)); *Arechiga v. Archambeault*, No. 2:23-cv-0600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition . . . or how long subsequent appeals of that decision might take."); *see also Banda*, 385 F. Supp. 3d at 1119 ("If the BIA affirms, petitioner will have the opportunity to seek review in the Ninth Circuit. This process may take up to two years or longer."). This lengthy delay will also occur if petitioner is ordered removed and he then appeals that decision to the BIA.

A significant period in detention will also occur if petitioner receives deferral or withholding of removal. *See CMS v. Oddo*, No. 25-cv-216, 2025 WL 3442697, at *3 (W.D. Pa. Dec. 1, 2025) (discussing process of holding a noncitizen granted withholding of removal for third-country removal); *Gharakhan v. Noem*, No. 25-cv-2879-DMS-AHG, 2025 WL 3097933, at *3 (S.D. Cal. Nov. 5, 2025) (same).

Accordingly, the potential length of detention during petitioner's immigration court proceedings weighs strongly towards granting relief.

**III. Delays in Removal Proceedings Caused by Petitioner and Respondent**

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. Petitioner was detained on December 3, 2024. ECF No. 6-1 at 2. Initially, DHS notified him that he would go before an immigration judge on February 3, 2025. ECF No. 6-3 at 1. A year later, around the time petitioner filed this matter, he had not received an immigration merits hearing. ECF No. 1 at 7. The government has not provided any information about future

hearings or the status of petitioner's immigration case. ECF No. 6-1 at 2. The government's website does not provide petitioner's case information. As I cannot determine the reason for the delay in the removal proceedings, I find that this factor is neutral.

Two of the three factors, including the total length of detention, "which is the most important factor," *Banda*, 385 F. Supp. 3d at 1118, and the likely duration of future detention, weigh strongly in petitioner's favor. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's detention, absent a bond hearing, violates his Fifth Amendment Due Process rights. Given this finding, I must determine the appropriate relief.

Petitioner requests release. ECF No. 1 at 24. Respondent does not address the issue. *See* ECF No. 6. I recommend that petitioner be immediately released. Habeas corpus is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Respondent has provided no evidence or argument to support any risk of flight or danger if petitioner is released. Petitioner is member of the opposition political party in Bangladesh who received threats from the party in power. *See* ECF No. 1 at 7. An asylum officer found him to demonstrate a credible fear of persecution or torture. ECF No. 6-3 at 1. Immigration authorities found no criminal record for petitioner. ECF No. 6-2 at 2. For all these reasons, I recommend his immediate release.

**Conclusion**

Accordingly, it is hereby ordered that petitioner's motion to expedite, ECF No. 16, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. The motion for temporary restraining order, ECF No. 2, be DENIED as moot.
3. Respondent's motion to dismiss, ECF No. 6, be DENIED.

4. Respondent be ordered to immediately release petitioner (A-Number: 241-304-374) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE